H. MARKS, Appellant, v. DAVID A. TURNER, *et al.*, Respondents.

Kansas City Court of Appeals, November 6, 1893.

1. **Appellate Practice:** WHEN JUDGMENT AFFIRMED. When an answer contains a valid defense, the preponderance of the evidence sustains its allegations, the instructions are a clear declaration of the law and the verdict is for the defendant, the duty of the appellate court is to affirm the judgment.

2. **Evidence:** PAROL TO SHOW WHO WAS LESSOR. Where a written lease left it doubtful whether a corporation or its directors were the lessee and obligor to pay rent, it was proper to admit parol evidence to show that the writing was understood to be the obligation of the corporation and not that of the directors as individuals.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY
M. RAMEY, Judge.

AFFIRMED.

*Eugene C. Zimmerman, Samuel S. Shulll, John T.*
*Michau* for appellant.

(1) The lease was executed by the defendants.
personally and they alone were bound. A corporation
cannot execute a lease or bond except by its seal and
countersigned by its president or secretary. *Land Co.*
*v. Jeffries,* 40 Mo. 360. (2) If a lease, as in this
case, be not executed by the principal, still the sureties
who signed may be held liable. *Land Co. v. Jeffries,*
*supra.* If the pretended agent fails to get his
principal bound by the lease, himself will be liable
therefor. *Lapsley v. McKinstry,* 38 Mo. 245 and
*Einstein v. Holt,* 52 Mo. 340, in which WAGNER, J., says,
"I find no authority holding anybody bound who does
not sign." (4) Where nothing in instrument shows
the character in which one signs, it will be presumed
he is a principal, and to remove such presumption or to
justify parol evidence to remove it, there must be some-
thing in connection with the signer's name or in the
instrument to indicate the position of the signer with
reference to the capacity in which he signed. All the
cases where parol evidence has been introduced are
where in connection with his name the signer has added
the words, agent, superintendent, manager or an equiv-
alent. (5) This lease is not good as an obligation of
the corporation, hence even if the signers did not in-
tend to bind themselves they are bound. Somebody
must be bound. Defendant's refused instructions.
should have been given. *Land Co. v. Jeffries, supra;*
*Lapsley v. McKinstry, supra.*

*Vories & Vories* for respondent.

(1) "Where the contract is so drawn that it is doubtful on its face whether the parties really intended that the agent or his principal should be personally bound, parol evidence is now let in to show what their intention really was." *Smith v. Alexander*, 31 Mo. 193.; *Klosteman v. Loos*, 58 Mo. 190-294; *Ins. Co. v. St. Mary's Sem.*, 52 Mo. 480; *McClellan v. Reynolds*, 49 Mo. 312; *Musser v. Johnson*, 42 Mo. 74; *Shutz v. Bailey*, 40 Mo. 69; *Turner v. Thomas*, 10 Mo. App. 352; *Siegler v. Fallon*, 28 Mo. App. 299; *Hartzel v. Crumb*, 90 Mo. 629. (2) "When the matter is uncertain on the face of the instrument, parol evidence is admissable to explain ambiguity." Authorities cited above. (3) No express authority is necessary to authorize lease so as to bind a corporation. *Ins. Co. v. St. Mary Sem.*, *supra*; *Bank v. Gilstrap*, 45 Mo. 419; *Preston v. The M. & P. L. Co.*, 51 Mo. 43; *Musser v. Johnson*, 42 Mo. 74.

GILL, J.—Plaintiff sued the defendants, Turner, Wilcox, Maxwell, Bigham and Mider, for rent of a store-room, basing the action on a certain written lease alleged to have been executed by said defendants. Defendants interposed the following answer: "The defendants come now and answering the complaint of the plaintiff say, that at the time of the execution of the lease sued on, the St. Joseph Fruit and Produce Exchange was a corporation duly organized under the laws of the state of Missouri; that the defendants consititured the first board of directors thereof; that the defendants executed said lease sued on, as said board of directors and in behalf of said corporation and not in their individual capacity; that the plaintiff well knew at the time said lease was executed, that said lease was the obligation of said corporation and not of these defend-

ants; that the defendants never as individuals occupied said premises so leased, nor received any benefits under the terms thereof, as individuals. That said lease sued on is not and never was the obligation of these defendants.''

On a trial by jury there was a verdict and judgment for defendants, and plaintiff appealed.

There is little to be said on this appeal. The answer contains a valid defence, the evidence by a decided preponderance sustains the allegations of the answer, the court's instruction is a clear declaration of the law on the facts, and upon this the jury rendered a verdict in defendants' favor. Our duty then is clearly to affirm the judgment.

To put the case most strongly for plaintiff, here was a written instrument which left it in doubt as to who was the lessee and obliger to pay rent, whether it was the corporation, "The St. Joseph Fruit and Produce Exchange," or these defendants in their individual capacity. Under such circumstances, the trial court permitted defendants to prove by parol evidence that when the writing was made it was understood to be the obligation of the corporation and not that of the defendants as individuals; that though their names appeared signed to the contract of lease, they yet signed for an on behalf of the corporation of which they were the managing directors, and that all parties interested so understood it at the time.

The face of the lease, indeed, was almost convicing proof that the contracting parties were understood to be Marks on the one side and the corporation on the other. The lease reads: "That H. Marks has this day rented to the *St. Joseph Fruit and Produce Exchange* the store room, etc., and  *  *  *  *  *  * for the use and rent thereof the *said company* hereby agrees to pay the said Marks," etc.

The authorities cited in brief of counsel for defend-ants fully sustain the admissibility of the parol evidence to show what was the intention of the parties when the lease was signed.

Finding no error in the record, the judgment is affirmed. All concur.